Harpee, J.
delivered the opinion of the Court.
It will hardly admit of question, that if a party, bidding off property at a sheriff’s sale, fail to comply with the terms of sale, the sheriff may resell the property immediately, or at all events, on the succeeding day. Apart from the provisions of the statute-of frauds, (which, in general, has no effect as to sheriffs’ sales, the entry of the sale, by the sheriff, being a sufficient memorandum in writing,) which is not brought into question in this case, a party making a contract for the purchase of property, and failing to comply with it, is certainly liable to make good the damage occasioned by his default. And the obvious measure of damage is the difference between the amount of the first and the resale.
It has been supposed, however, that the provisions of the act of 1785, regulating sales at vendue, apply to sheriffs’ sales, and by that act it is provided, that if a purchaser shall refuse to comply with the terms of sale, he shall be liable for the loss arising on a resale, and the vendue-master may resell after giving seven days notice. The act applies in terms to sales at vendue : but admitting that such of its provisions, as are applicable, are to be applied to sales by sheriffs, the provision in question does not appear to me to be one of these. By law, the sheriff can only sell on the first Monday and Tuesday in every month. To allow the purchaser then seven days, to comply with the terms of sale, would be in effect to allow him a month.
It was said, however, that although the sheriff may put an end to the contract, and resell immediately, yet the purchaser is not liable to damages, unless the notice be given. By the terms of the vendue act, the purchaser is allowed seven days to comply with the terms. The vendue-master cannot resell until the expiration of that time; and I suppose would be liable to an ac *293 tion if he should do so. If the purchaser be bound to pay the money immediately, and on his default the sheriff may lawfully resell immediately, I see nothing to exempt the purchaser from liability to damages. The only case I have found relative to this ° . subject, is that of Scott v. Wilson, 1 M‘C. 194. The point now in question was not however decided in that case. The Judge, who delivers the opinion of the Court, expressly avoids giving an opinion on the point. The motion to set aside the non-suit, and for new trial, is therefore granted.
Butler and Griffin, for the motion.
Bauskett and Wallace, contra.